Lois CHRISTIAN, et al., Plaintiffs–
Appellants,

v.

WAL–MART STORES, INC.,
Defendant–Appellee.

No. 99–3926.

United States Court of Appeals,
Sixth Circuit.

Aug. 31, 2001.

Before: MARTIN, Chief Judge;
MOORE, Circuit Judge; and TARNOW,[*]
District Judge.

### ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original panel.

The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. The panel denies the petition for rehearing en banc and adds the following footnote to the first sentence, paragraph five (5), Part II.B. of its original opinion.

While the district court must not revisit the question whether the plaintiff has met its burden of proving a prima facie case when reviewing a motion for judgment as a matter of law after the case has been fully tried on the merits, see Kovacevich v.

*Kent State Univ.*, 224 F.3d 806, 821 (6th Cir.2000) (stating that "after a trial on the merits, a reviewing court should not focus on the elements of the prima facie case but should assess the ultimate question of discrimination"), we understand Wal–Mart's motion to have been granted at the close of plaintiff's case, see Appellee's Br. at 3 ("At the conclusion of Appellant's case, Appellee moved for directed verdict pursuant to Fed.R.Civ.P. 50."). Under these circumstances, in which the defendant has not proceeded with its case, see *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir.1997) (noting that "a prima facie case is defined as 'sufficient evidence . . . to get plaintiff past a motion for directed verdict in a jury case . . .; it is the evidence necessary to require defendant to proceed with his case'") (quoting BLACK'S LAW DICTIONARY 1190 (6th ed.1990)), it would have been appropriate for the district court to address the burden-shifting framework in its analysis, see *Kovacevich*, 224 F.3d at 828–29 (noting that district court is constrained to review whether there is a genuine issue with respect to the ultimate question of discrimination only "[a]fter the defendant has presented its case").

---

[*] Hon. Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.